# Case Docket Entries

CC-06-2025-C-444

| | | | |
|---|---|---|---|
| Court: | **Circuit** | County: **06 - Cabell** | Created Date: **10/6/2025** | Security Level: **Public** |
| Judge: | **Chad S. Lovejoy** | Case Type: **Civil** | Case Sub-Type: **Other** | Status: **Open** |

Related Cases:

Style:   **Latroya Pea v. Walmart, Inc.**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 10/6/2025 10:28:13 AM | E-Filed | | Complaint |
| | 1-1  10/6/2025 | Civil Case Information Statement | | |
| | 1-2  10/6/2025 | Complaint - Complaint | | |
| | 1-3  10/6/2025 | Transmittal | | |
| | 1-4  10/6/2025 | Summons | | |
| 2 | 10/6/2025 10:28:13 AM | Judge Assigned | J-06011 | Chad S. Lovejoy |
| 3 | 10/6/2025 10:28:13 AM | Party Added | P-001 | Latroya Pea |
| 4 | 10/6/2025 10:28:13 AM | Party Added | D-001 | Walmart, Inc. |
| 5 | 10/6/2025 10:28:13 AM | Attorney Listed | P-001 | A-6479 - Hoyt Eric Glazer |
| 6 | 10/6/2025 10:28:13 AM | Service Requested | D-001 | Filer - Certified Mail |
| 7 | 10/6/2025 3:02:55 PM | E-Filed | | Order - Case - INITIAL CASE ORDER |
| | 7-1  10/6/2025 | Order - INITIAL CASE ORDER | | |
| | 7-2  10/6/2025 | Transmittal | | |
| 8 | 10/23/2025 9:04:16 AM | E-Filed | | Service Return - Acceptance of Service |
| | 8-1  10/23/2025 | Service Return - Acceptance of Service | | |
| | 8-2  10/23/2025 | Transmittal | | |
| 9 | 10/23/2025 9:04:16 AM | Attorney Listed | D-001 | A-8866 - Ellen Jo Vance |

A copy, Teste:

*Mik Wbelfel*

**Circuit Clerk**

**EXHIBIT**

**A**

E-FILED | 10/6/2025 10:28 AM
CC-06-2025-C-444
Cabell County Circuit Clerk
Michael J. Woelfel

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
AT HUNTINGTON**

**LATROYA PEA,**

      **Plaintiff,**

**v.**

**WALMART, INC.**

      **Defendant.**

Civil Action No.

## COMPLAINT.

This is an action under federal and West Virginia law to make whole and compensate the Plaintiff, Latroya Pea, for the unlawful actions and employment practices of the Defendant, Walmart, Inc. Plaintiff contends the Defendant has unlawfully denied her substantial hours of employment and discriminated against her in violation of the Family and Medical Leave Act of 1993 (FMLA), 29 USC §2601 *et seq*. and the West Virginia Human Rights Act (WVHRA) (W. Va. Code §16B-17-1 *et seq*.), by refusing to schedule her for full-time shifts after she reported concerns of discrimination against her. Ms. Pea seeks all remedies available under these statutes and law.

### PARTIES

1. Plaintiff, Latroya Pea, is and, at all times alleged, was a citizen and resident of Cabell County, West Virginia.

2. Defendant, Walmart, Inc., is a well-known, $750 billion Arkansas corporation doing business in West Virginia, that operates thousands of retail stores in the United States.

3. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue over this civil action under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

## ALLEGATIONS OF FACT

5. Beginning in 2010, Ms. Pea first began working for Walmart in Louisiana.

6. Over the next several years, Ms. Pea worked at Walmart at various locations throughout the country.

7. In 2021, Ms. Pea began working part-time as a seasonal employee at the Route 60 Walmart in Huntington, West Virginia in the lawn and garden department.

8. In December of 2021, Defendant promoted Ms. Pea to full-time work as a sporting goods associate in its sporting goods department.

9. By April of 2024, Ms. Pea earned $14.57/hr. and worked a full forty-hour work week.

10. At all times during her employment, Ms. Pea met or exceeded Defendant's legitimate expectations of her performance.

11. At all times during her employment, Ms. Pea suffered from several disabilities, including, and not limited to, autism, ADHD, and anxiety.

12. In February of 2024, Ms. Pea filed an internal ethics complaint in good faith with Defendant alleging retaliation and discrimination against her based on her disabilities.

13. Defendant claimed it investigated Ms. Pea's ethics complaint, but it never provided her the results, and closed the claim.

14. On or before April of 2024, Ms. Pea also requested accommodations for her disabilities.

15. After initially accommodating Ms. Pea, Defendant began reducing her hours, and also requested her to work outside of her assigned area in sporting goods.

16. The assignments Defendant sought to have Ms. Pea perform involved duties that increased her

2

stress level or exacerbated her disabilities, and were not part of her job description.

17. Because Ms. Pea could not perform the assignments outside of her actual job duties, Walmart forced her to abandon her long-standing, consistent job schedule that she had successfully worked over the past three years.

18. Over the past couple years, Defendant has reduced Ms. Pea's hours from 40 hours to between 15 and 12 hours a week.

19. The Defendant's scheduling of Ms. Pea for substantially reduced hours is effectively a demotion that has harmed her emotional health and exacerbated her disabilities.

20. Given her concerns, Ms. Pea filed a discrimination charge with the West Virginia Human Rights Commission (WVHRC) last year.

21. Earlier this year, the WVHRC closed Ms. Pea's discrimination case, which the Equal Employment Opportunity Commission adopted in its notice of July 25, 2025.

22. Immediately after the WVHRC closed Ms. Pea's case, Defendant again reduced Ms. Pea's hours.

23. As a result of the Defendant's treatment, Ms. Pea has suffered substantial loss of wages, earning opportunities, and emotional harm for which she seeks relief in the below prayer.

**COUNT I: RETALIATION FOR ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT**

24. Plaintiff incorporates the previous paragraphs as if set forth herein.

25. When Plaintiff requested and/or required leave, she was qualified and eligible to take leave under the FMLA due to her own serious health condition.

26. Prior to and at the time when she required FMLA leave, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant.

27. Defendant is and was a covered employer under the FMLA, and employs 50 or more

employees within 75 miles of the location where Plaintiff was employed.

28. Plaintiff requested leave for her serious health conditions or the Defendant knew or reasonably should have known that Plaintiff's serious health conditions required it to provide her FMLA notice or leave.

29. Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA statute.

30. Plaintiff's eligibility for and entitlement to FMLA leave was a motivating factor in Defendant's decision to take adverse action against her by reducing her hours and rendering her ineligible for FMLA coverage that she had received prior to its unlawful reduction of her hours.

31. In taking the above-described adverse actions against Plaintiff, Defendant retaliated against Plaintiff based on her eligibility and need for FMLA benefits.

32. Defendant's reduction of Plaintiff's hours was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA and its obligation to provide her with FMLA notice.

33. Any reason provided by the Defendant as alleged grounds for Plaintiff's reduced hours constitutes unlawful pretext for the real reason—her eligibility and right to receive protected FMLA leave for her serious health conditions before the Defendant reduced her hours.

34. As a result of Defendant's retaliation against her, Plaintiff has suffered monetary damages, which she seeks relief for as requested in the prayer.

## COUNT II: FMLA INTERFERENCE

35. Plaintiff incorporates the previous paragraphs as if set forth herein.

36. When Plaintiff requested and/or required leave, she was qualified and eligible to take leave under the FMLA for her serious health conditions.

4

37. Before the Defendant reduced her hours, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant over her past year (12 months) of employment before the Defendant improperly reduced her hours, which rendered her ineligible for FMLA notice and leave.

38. Defendant is and was a covered employer under the FMLA, and employs 50 (fifty) or more employees at or within 75 miles of the location where Plaintiff was employed.

39. The Defendant knew Plaintiff required FMLA for her serious health conditions and improperly reduced her hours rendering her ineligible for FMLA coverage.

40. Defendant's above actions constitute an interference with Plaintiff's exercise and use of her rights under the FMLA because Defendant unreasonably discouraged and prevented Plaintiff from exercising her right to FMLA leave by reducing her hours.

41. The Defendant's actions discouraged Plaintiff from taking her full FMLA leave and resulted in prejudice against Plaintiff and impairment of her exercise of FMLA.

42. Defendant's actions against Plaintiff were reckless and in deliberate disregard of Plaintiff's rights under the FMLA including, but not limited to, her right to protected leave to care for her serious health conditions.

43. In reducing Plaintiff's hours from full-time to part-time, Defendant interfered with and violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate damages as requested in her prayer for relief.

### COUNT III: DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

44. Plaintiff incorporates the previous paragraphs as if set forth herein.

45. Plaintiff is a person with disabilities as that term is defined in the ADA.

46. At all times alleged herein, Plaintiff was qualified and able to perform the essential functions of her job with or without a reasonable accommodation, and, in fact, performed all the functions of her job until Defendant improperly decided to assign her tasks outside her job.

47. The Plaintiff's disabilities substantially limited one or more of her major life activities.

48. In the alternative, Defendant and its agents perceived and/or regarded Ms. Pea as having a disability.

49. The ADA (42 U.S.C. §12101 *et seq.*) prohibits discrimination by an employer against an employee with disabilities.

50. On information and belief, the Defendant reduced Ms. Pea's hours based on her protected status as a person with disabilities or its perception of Ms. Pea as a person with disabilities.

51. On information and belief, Defendant treated similarly situated employees who did not have a disability more favorably than Plaintiff in the terms, conditions and/or benefits of their employment.

52. Ms. Pea's status as a person disabilities under the ADA and/or the Defendant's perception of her as a disabled person was a motivating factor in Defendant's decision to refuse to accommodate her and reduce her hours.

53. Defendant's actions against Plaintiff based on her status as a person with a disability were willful, intentional, and reckless.

54. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities, loss of fringe and pension benefits, mental anguish, humiliation and embarrassment, and loss of professional reputation.

**COUNT IV: DISABILITY DISCRIMINATION UNDER THE WVHRA**

55. Plaintiff incorporates the previous paragraphs here.

56. Under § 16B-17-3(h) of the West Virginia Human Rights Act, the term "discriminate" or "discrimination" means "to exclude from, of fail or refuse to extend to, a person equal opportunities because of race, religion, color, national origin, ancestry, sex, age, blindness, disability or familial status. . . ."

57. Plaintiff's disability or the Defendant's perception of her as a disabled person receives protection under the West Virginia Human Rights Act.

58. Plaintiff suffers from various health conditions that result in a disability as defined by the West Virginia Human Rights Act.

59. Throughout her employment, Ms. Pea satisfied all requisite job qualifications, was qualified for the position she held, and performed her job in a manner that met or exceeded the Defendant's legitimate expectations.

60. The Plaintiff's disability or Defendant's perception of the same was a motivating factor in the Defendant's refusal to accommodate her and its reduction of her hours from full-time to part-time.

61. Defendant's treatment of Plaintiff was done with malice and with reckless indifference to her rights and her emotional and physical well-being.

62. As a direct and proximate result of Defendant's actions and/or failure to take appropriate action, Ms. Pea has suffered and continues to suffer substantial damages. Wherefore, she requests relief as provided in the prayer.

## COUNT V: *VANDEVANDER* CLAIM

63. Plaintiff incorporates the previous paragraphs as if set forth herein.

64. Before Defendant reduced her hours, Ms. Pea had performed all conditions, covenants, promises, duties and responsibilities required of her and in accordance and conformity with Defendant's legitimate expectations.

7

65. In striving to comply with her duties as an employee and with the Family and Medical Leave Act, Plaintiff notified Defendant of her need for FMLA or the Defendant knew or should have known of Plaintiff's need for FMLA.

66. The Defendant's reduction of Ms. Pea's hours followed her protected activity (request for FMLA or eligibility for the same) within such a period of time that the Court can make an incredibly, strong inference of retaliatory motivation.

67. The Defendants' treatment of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the FMLA. *Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W.Va. 2016)(Chambers, J.) (noting FMLA provides a substantial public policy sufficient to support a West Virginia common law claim for retaliatory discharge in violation of public policy); *Collins v. Defendants Home Ctrs., LLC*, 2017 U.S. Dist. LEXIS 201430 (S.D.W.Va. December 7,2017) (Chambers, J.)( following *Vandevander*).

68. As a direct and proximate result of Defendant's intentional, discriminatory, and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other benefits of employment, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks relief as set forth below.

## COUNT VI: RETALIATION IN VIOLATION OF THE WVHRA

69. Plaintiff reasonably believed in good faith that Defendant's inappropriate treatment of her resulted from her disability (actual or perceived), and she made protected reports to the Defendant about a work environment that she considered hostile and discriminatory against her based on her protected class under the West Virginia Human Rights Act.

70. In striving to comply with her duties as an employee and with West Virginia law prohibiting discriminatory practices, Plaintiff notified Defendant of the discrimination against her in the workplace and engaged in protected activity over the months immediately preceding the Defendant's reduction of her hours and its failure to provide her with a reasonable accommodation.

71. After Plaintiff reported Defendant's inappropriate treatment of her, the Defendant failed to remedy the reported hostile conditions and reduced her hours.

72. Defendant's unlawful treatment of Plaintiff resulted from her legitimate efforts to comply with West Virginia law and her duties as an employee in seeking to have Defendant comply with the West Virginia Human Rights Act, which it blatantly refused to do.

73. Plaintiff's discharge immediately followed her protected activities such that the Court can infer retaliatory motivation.

74. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of West Virginia Code §16B-17-9(7)(C) that prohibits an employer from engaging in any form of reprisal or otherwise discriminating against any person because she has opposed any practices or acts forbidden under the article or because she has filed a complaint, testified or assisted in any proceeding under the West Virginia Human Rights Act.

75. As a direct and proximate result of Defendant's intentional, discriminatory and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other employment benefits, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks compensatory damages and other relief as set forth below.

9

76. Any reason alleged by Defendant for terminating the Plaintiff and denying Plaintiff full hours, employment benefits and fair, non-discriminatory treatment in the course of her employment is mere pretext for Defendant's real reason for reducing the Plaintiff's hours which is Defendant's retaliation against Plaintiff for opposing practices that she believed in good faith violated the West Virginia Human Rights Act.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

On Counts I and II, grant Plaintiff back wages, liquidated damages, reinstatement and/or front pay, the costs of litigation, including court costs, expert witness fees, reasonable attorney fees, and all other relief available under the FMLA;

On Counts III, IV, V, and VI, grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury;

On Counts III, IV, V, and VI, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation, and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On Counts III, IV, V, and VI grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

### PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.

PLAINTIFF, LATROYA PEA

By Counsel,

s/Hoyt Glazer    
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304 522-4149
hoyt@gsalaw-wv.com

/s/ Chad S. Lovejoy
Circuit Court Judge
Ref. Code: 25SLWG4SX

E-FILED | 10/6/2025 3:02 PM
CC-06-2025-C-444
Cabell County Circuit Clerk
Michael J. Woelfel

### In the Circuit Court of Cabell County, West Virginia

**Latroya Pea,**
Plaintiff,

v.

Case No. CC-06-2025-C-444
Judge Chad S. Lovejoy

**Walmart, Inc.,**
Defendant

### INITIAL CASE ORDER

Pursuant to the West Virginia Rules of Civil Procedure and the West Virginia Trial Court Rules, which place an affirmative duty upon trial courts to ensure the prompt, fair, and cost-effective resolution of civil matters, this Court hereby **ORDERS** that, within seventy-four (74) days of effective service of process having been achieved as to any defendant named in this action, the following shall be filed by one or more parties to this action:

(1) a written report outlining the parties' proposed discovery plan under Rule 26(f) of the West Virginia Rules of Civil Procedure, provided that, if included in the report, any deadline for completing discovery, completing mediation, and filing pre-trial memoranda, along with dates for a pre-trial conference and trial will be binding upon the parties and the Court only if they are set during a scheduling conference with the Court and either;

(2) a written request that the Court conduct a scheduling conference, with such written request containing the names and email addresses of all counsel of record and any unrepresented litigants; or

(3) a motion setting forth good cause as to why the Court should not issue a scheduling order within the time provided in Rule 16(b)(3) of the West Virginia Rules of Civil Procedure, provided that no such motion shall be required if, within the seventy-four-

day period described above, one of the following motions is filed: a motion for default judgment, a motion to dismiss, or a motion for judgment on the pleadings.

It is further **ORDERED** that the plaintiff(s) shall timely provide a copy of this Order to any defendant upon whom it has served process.

The Clerk is directed to provide a copy of this Order to counsel for the plaintiff(s) or to plaintiff(s) directly if unrepresented by counsel.

Entered this ___ day of ____, 2025.

**/s/ Chad S. Lovejoy**
Circuit Court Judge
6th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

E-FILED | 10/23/2025 9:04 AM
CC-06-2025-C-444
Cabell County Circuit Clerk
Michael J. Woelfel

### IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

LATROYA PEA,

      **Plaintiff,**

VS.                              **CIVIL ACTION NO. CC-06-2025-C-444**

WALMART, INC.,

      **Defendant.**

### ACCEPTANCE OF SERVICE

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

      Service of the foregoing Summons and Complaint is hereby accepted on behalf of Walmart, Inc., in Kanawha County, West Virginia, on the 8th day of October, 2025, by Eric W. Iskra.

_____
           Eric W. Iskra

Given under my hand this 22nd day of October, 2025.

My commission expires: _Janvary 16, 2028_ .

_____
         NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
JANE ELSENDER ADKINS
333 Sunshine Lane
Fraziers Bottom, WV 25082
My Commission Expires January 16, 2028

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

LATROYA PEA,

        Plaintiff,

VS.                                   **CIVIL ACTION NO. CC-06-2025-C-444**

WALMART, INC.,

        Defendant.

## CERTIFICATE OF SERVICE

    I, Ellen J. Vance, counsel for Defendant, do hereby certify that on this 23rd day of October, 2025, I electronically filed the foregoing **"Acceptance of Service"** with the Clerk of the Court using the West Virginia E-filing system, which will serve a copy of the same upon the following counsel of record:

> Hoyt Glazer
> Glazer Saad Anderson, L.C.
> 320 Ninth Street, Suite B
> Huntington, West Virginia  25701
> *Counsel for Plaintiff*

                                 /s/ Ellen J. Vance
                                 Ellen J. Vance (WV State Bar # 8866)

2